UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 3:24-cr-34-TKW

MARKTAVIOS DEVON MARTIN

_____/

ORDER OF DETENTION

On June 20, 2024, the Court held a hearing on the government's oral motion for detention pursuant to the Bail Reform Act of 1984, as amended, 18 U.S.C. § 3141, *et seq.* Based on the pretrial services bond report, the evidence presented at the hearing, and the arguments of counsel, the Court finds Defendant shall be detained pending trial because there are no conditions or combination of conditions which will reasonably assure Defendant will not be a risk of flight or a danger to the safety of the community if released.

**I.    The Bail Reform Act**

The Bail Reform Act of 1984 provides a framework for determining whether pretrial detention is appropriate. *See* 18 U.S.C. § 3142. Under the Act, a court must order a defendant be detained if, after hearing, it finds that "no condition or combination of conditions will reasonably assure [the defendant's] appearance … and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1);

*United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988).  A finding of risk of flight must be supported by a preponderance of the evidence, while a finding of danger must be supported by clear and convincing evidence.  *See United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990).

"Clear and convincing evidence" entails more than a preponderance of the evidence, but less than evidence establishing a fact beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 423-25 (1979); *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (clear and convincing evidence is evidence which induces "an abiding conviction that the truth of its factual contentions are 'highly probable'"). "To find danger to the community under this standard of proof requires that the evidence support such a conclusion with a high degree of certainty." *Chimurenga,* 760 F.2d at 405.  Additionally, "danger to the community" does not refer to simply risk of physical violence; instead, it includes a danger that the defendant might engage in criminal activity that is a detriment to the community.  *See United States v. Ingram*, 415 F. Supp. 3d 1072, 1077 (N.D. Fla. 2019) (collecting cases).  Danger to the community, thus, includes "the harm to society caused by narcotic trafficking." *Id.*

Although the burden of proof generally falls on the government, when probable cause is established in certain cases, a rebuttable presumption of detention arises that no such conditions exist.  18 U.S.C. § 3142(e)(3).  Those cases are

identified in 3142(e)(3) and include an offense "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." *Id.* In a rebuttable presumption case, the defendant bears the burden of production – that is the burden of producing evidence to rebut the presumption. *See e.g., United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). While the burden is not a heavy one, even if it is met, the presumption nonetheless remains a factor for the court to consider. *See United States v. Stricklin*, 932 F.2d 1354, 1355 (10th Cir. 1991). Also, even in a rebuttable presumption case the burden of persuasion remains with the government. *See id.* at 1354-55; *Mercedes*, 254 F. 3d at 436.

This is a rebuttable presumption case because Defendant is charged with a felony drug offense, which carries a maximum term of imprisonment of more than 10 years. "The rebuttable presumption in 18 U.S.C. § 3142(e) exists to advance Congress's belief that those charged with serious drug crimes are necessarily a danger to the community and should be detained to protect the public, absent a showing by the defendant that he is not a danger to the community." *United States v. Kidd*, 2013 WL 142317, at *3 (N.D. Ga. Jan. 11, 2013).

To determine whether a defendant should be released on conditions or detained, courts consider the following factors: (1) the nature and circumstances of

the offense charged, including whether the offense is a crime of violence, (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). Although § 3142(g) identifies the factors the courts should consider, it says nothing about the relative weight a court should give them when deciding whether to release or detain a defendant. *See generally* 18 U.S.C. § 3142(g). Instead, the weight given to each factor will inevitably vary from case to case and might even vary depending on whether the inquiry relates to a defendant's danger or to his risk of flight. *United States v. Zhang*, 55 F.4th 141, 150 (2d Cir. 2022). The judicial officer is given "substantial latitude in determining whether pretrial detention is appropriate." *King*, 849 F.2d at 487.

## II. Analysis

Considering the § 3142(g) factors, and for the reasons discussed below, the Court finds there are no conditions or combination of conditions that could be imposed which would reasonably assure the Court Defendant will not be a danger to the community or a risk of nonappearance.

### A. Nature and Circumstances of the Offense Charged.

When considering the nature and circumstances of the offense, the court considers "whether the offense is a crime of violence, a violation of section 1591, a

Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1).

Here, Defendant has been indicted by the grand jury of the following felony offenses: Count 1 charges Defendant with distributing and possessing with intent to distribute a controlled substance involving fentanyl, which carries a penalty of up to 20 years incarceration, and Count 2 charges Defendant with distributing and possessing with intent to distribute a controlled substance consisting of fentanyl, cocaine base, cocaine, marijuana and 5 grams of methamphetamines, which carries a penalty of up to 40 years imprisonment with a mandatory minimum of 5 years.

The possession, use, and distribution of illegal drugs represent "one of the greatest problems affecting the health and welfare of our population." *Treasury Employees v. Von Raab*, 489 U.S. 656, 668 (1989). Drug distribution causes "grave harm to society." *Harmelin v. Michigan*, 501 U.S. 957, 1002 (1991) (Kennedy, J., concurring in part). A "seller of addictive drugs may inflict greater bodily harm upon members of society than the person who commits a single assault." *Rummel v. Estelle*, 445 U.S. 263, 296 n.12 (1980) (Powell, J., dissenting).

Notably, according to the Centers for Disease Control and Prevention, fentanyl is up to 50 times stronger than heroin and 100 times stronger than morphine. https://www.cdc.gov/stopoverdose/fentanyl/index.html; *United States v. Brown*, 538 F. Supp. 3d 154, 170 (D.C. 2021) (Lamberth, J.) ("Fentanyl, a synthetic opioid,

is 50 to 100 times more potent than morphine and 50 times more potent than heroin ... Given that those who use fentanyl ... risk serious bodily injury or death, the danger posed to the [community] by [the defendant's] pre-trial release would be great." (internal quotations omitted)). It is a major contributor to fatal and nonfatal overdoses in the United States. https://www.cdc.gov/stopoverdose/fentanyl/index.html. The Court finds the nature and circumstances of the offenses charged weigh in favor of detention.

    B. <u>Weight of the Evidence</u>.

This factor requires the district court to consider evidence proffered by the government which it intends to use at Defendant's trial. In considering the weight of the evidence, the court considers both the weight of the evidence of dangerousness and the government's underlying case against the defendant. *United States v. Berkun*, 392 F. App'x 901, 903 (2d Cir. 2010); *United States v. Norris*, 188 F. App'x 822, 830 (11th Cir. 2006). "While it is true that the Court's determination of this factor 'neither requires nor permits a pretrial determination of guilt,' the Court can still weigh the evidence and determine whether it proves that the defendant poses a risk to others and/or is at risk of flight." *United States v. Slatten,* 286 F. Supp. 3d 61, 67–68 (D.D.C. 2017) (internal citations omitted), *aff'd,* 712 F. App'x 15 (D.C. Cir. 2018); *United States v. Pirk,* 220 F. Supp. 3d 402, 410 (W.D.N.Y. 2016).

The weight of the evidence is a common-sense consideration. For instance, if the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that the defendant will flee to avoid future court proceedings and may indicate the defendant is a present danger to himself or the community if the government's allegations later prove to be true. Alternatively, if the only evidence against a defendant is circumstantial, contradicted, or unreliable, the defendant has less reason to duck court proceedings and that evidence does not support viewing the defendant as a risk to the safety of the community. As such, the weight of the evidence against Defendant will be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate. *United States v. Blackson*, 2023 WL 1778194, at *10 (D.D.C. Feb. 6, 2023).

At the detention hearing, the government proffered that Count 1 of the indictment arises out of a controlled purchase of fentanyl from the Defendant conducted by law enforcement. The government also proffered that Count 2 arises out of a search warrant that was executed on a room at the Royal Arms motel which the government alleges was occupied by the Defendant. The government proffered that it has videos showing what law enforcement believes to be at least 36 drug transactions being conducted from that room. Also, while Defendant was not present at the room when the search warrant was executed, the government has reviewed

video evidence showing the Defendant occupied the room from 8:00 AM that morning until right before the search warrant was executed. Additionally, video evidence shows Defendant paying for the room and using a key around his neck to lock the door to that room.

The Court finds the evidence presented by the government is stronger and weighs in favor of detention.

C. <u>The History and Characteristics of the Defendant</u>.

In considering the history and characteristics of a defendant, the court considers such matters as the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. 18 U.S.C. § 3142(g).

Defendant is 36 years old and lives with his grandmother. Defendant reported having stayed at that residence for 16 years. Defendant has an 11th-grade education, is single, and has never been married. Defendant reported to probation that he has worked on and off for a friend's landscaping business making approximately $75/a day, 3-4 days a week. His grandmother, who testified on his behalf, confirmed this work, but also stated she does not know how often he works at either position. Jamal Lee, Defendant's brother testified that Defendant has worked with Lee's catering

business at least 4-8 times and assists with selling food from his house. According to Lee, Defendant can continue to work for Lee if he is released.

Defendant was arrested on state charges in May and, at the time of his arrest, was using marijuana daily and cocaine a couple of times a week. Defendant has two minor children and while he claims to have custody of both, neither reside with him. He does not pay child support.

Defendant has a significant criminal history. Defendant was convicted of his first drug charge as a juvenile after violating his probation, was adjudicated delinquent and committed to the Department of Juvenile Justice. Once Defendant turned 18, he was convicted of his first cocaine charge. He violated his probation by failing to secure employment, pay court fees, enroll in anti-theft court, report to probation as instructed, and engaging in a new law violation. Those violations resulted in a termination of his probation and he was sentenced to 15 months in prison. Within months of being released in 2009, Defendant was arrested for resisting arrest without violence and disorderly conduct. He failed to appear and was given 150 days of jail time. Defendant was convicted three months after that release with another resisting arrest and drug charge. Between 2010 and 2015, Defendant was charged with numerous offenses, including driving offenses, trespass, and drug offenses. Those charges were dismissed, not prosecuted, or resulted in minimal jail time.

In 2016, Defendant was found guilty of resisting arrest and tampering with evidence. He was found guilty at trial and sentenced to 5 years in prison. He was released in December 2020, and was arrested on May 5, 2024 by the state for possession of marijuana not more than 20 grams. He spent 6 weeks in jail before being arrested on the federal indictment.

The bond report also shows that Defendant has failed to appear for court proceedings on at least 2 occasions, once in 2009 (as discussed above), and again in 2015, when he was charged with trespassing.[1] Also, Defendant violated his state bond on at least two occasions, once in 2015 for engaging in a new law violation while on bond for not having a driver's license and grand theft auto, and again in 2016, for refusing to comply with random drug testing requirements while on bond for aggravated battery with a deadly weapon. Both instances resulted in the state courts revoking those bonds.

Given Defendant's criminal history, the Court finds that Defendant (1) is unlikely to cease criminal activity while on release, and (2) is unlikely to abide by any terms and conditions this Court imposes on him.

Also, while the Court recognizes that none of the convictions involved violent crimes *per se*, and there are no allegations that Defendant used or possessed a firearm

---

[1] Defendant proffered that according to family members, the failures to appear were likely related to miscommunications regarding initial appearance dates.

3:24-cr-34-TKW

during any of the alleged drug transactions, it cannot be disputed drug dealing is "a violence-prone business." *United States v. Lane*, 252 F.3d 905, 907 (7th Cir. 2001); *see United States v. Caro*, 597 F.3d 608, 624 (4th Cir. 2010) ("[I]llegal drugs have long and justifiably been associated with violence."); *United States v. Diaz*, 864 F.2d 544, 549 (7th Cir. 1988) (noting "the illegal drug industry is, to put it mildly, a dangerous, violent business").  "[A]n indictment for a drug trafficking offense is strong evidence that the defendant is a risk to the community." *United States v. Allen*, 891 F. Supp. 594, 599 (S.D. Fla. 1995).  Indeed, studies "demonstrate a direct nexus between illegal drugs and crimes of violence." *Harmelin*, 501 U.S. at 1003, 111 (Kennedy, J., concurring).  Thus, the Court finds this factor weighs in favor of detention.

      D. <u>The Nature and Seriousness of the Danger Posed by Release</u>.

In determining whether detention is necessary, a court "makes a judgment about the persuasiveness of the evidence offered by each party[.]" *United States v. Clum*, 492 F. App'x 81, 85 (11th Cir. 2012) (citation omitted).  Here, Defendant only proffered and presented no evidence.  His argument for release was limited to his lack of risk of flight, but ignored the 6-year absconding capias.  Defendant did not offer any evidence or argument that he would not be a risk of danger to the community.

Given that lack of evidence, when compared to the government's evidence, the Court finds there is a serious danger that Defendant will return to drug trafficking activity if released, particularly given his lack of employment and prior criminal history. *See United States v.* Martin, 2017 WL 4080689, at *3 (S.D. Ga. Sept. 14, 2017) ("Congress has recognized that those in the drug 'business'—entrepreneurs like this defendant—'pose a significant risk of pretrial recidivism.'"). The risk a defendant will continue to engage in drug trafficking constitutes a danger to the safety of the community. *King*, 849 F.2d at 487, n.2.

Thus, based on the evidence proffered by the government, the Court finds Defendant has not overcome the presumption that no condition or combination of conditions will reasonably assure Defendant will not be a risk of non-appearance or pose a danger to the community.

Accordingly, the Court **ORDERS** Defendant be held in the custody of the Attorney General or his designated representative pending trial in this matter. The Attorney General or his designated representative shall, to the extent practicable, confine Defendant separate from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult with counsel in private while in custody. On order of a court of the United States or on request of an attorney for the government, the person in charge of the

corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 20th day of June, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**